Reyes v Hite Constr., Inc.

2026 NY Slip Op 02351

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Manuel Reyes, Plaintiff,

v

Hite Construction, Inc., Defendant-Respondent.

Hite Construction, Inc., Third-Party Plaintiff-Respondent,

Everest Scaffolding Inc., Third-Party Defendant-Appellant, Pizzo Brothers, Inc., Third-Party Defendant. ?

Decided and Entered: April 16, 2026

Index No. 28158/16|Appeal No. 6406|Case No. 2025/01150|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

London Fischer LLP, New York (Brian A. Kalman of counsel), for appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about November 21, 2024, which, to the extent appealed from, denied the motion of third-party defendant Everest Scaffolding, Inc., for summary judgment dismissing the claim of defendant/third-party plaintiff Hite Construction, Inc., for contractual indemnification, unanimously reversed, on the law, without costs, and the motion granted.

Everest was entitled to summary judgment dismissing the contractual indemnification claim because the indemnification agreement in Hite's favor, executed in 2016, lacked consideration. Although the parties entered into a separate agreement in 2015 for Everest to obtain an initial permit and furnish, install, and remove scaffolds for the subject construction project, during which plaintiff was allegedly injured, Hite's full lump sum payment to Everest in connection with that agreement could not support the 2016 agreement, since "past consideration is no consideration" at common law (Kastil v Carro, 145 AD2d 388, 389 [1st Dept 1988], lv dismissed 74 NY2d 650 [1989] [internal quotation marks omitted]). Furthermore, the statutory exception for consideration that is "past or executed" under General Obligations Law § 5-1105 does not apply to the 2016 agreement as that agreement failed to recite any past or executed consideration in the writing.

Nor could Hite's rental payments for the scaffolds leased on a month-to-month basis under the 2015 agreement serve as consideration for the 2016 indemnity agreement. "[I]t is a fundamental principle of contract law that a promise to perform an existing obligation is not valid consideration" (Zheng v City of New York, 93 AD3d 510, 512 [1st Dept 2012], affd 19 NY3d 556 [2012]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026